## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CUNNINGHAM<br>111 Saddle Drive<br>Furlong, PA 18925<br><br>　　　　Plaintiff,<br>　v.<br><br>AGROFRESH, INC.<br>One Washington Square<br>510-530 Walnut Street, Ste. 1350<br>Philadelphia, PA 19106<br>　　and<br>AGROFRESH SOLUTIONS, INC.<br>One Washington Square<br>510-530 Walnut Street, Ste. 1350<br>Philadelphia, PA 19106<br>　　and<br>JORDI FERRE<br>One Washington Square<br>510-530 Walnut Street, Ste. 1350<br>Philadelphia, PA 19106<br>　　and<br>GRAHAM MIAO<br>One Washington Square<br>510-530 Walnut Street, Ste. 1350<br>Philadelphia, PA 19106<br><br>　　　　Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>***JURY TRIAL DEMANDED*** |

## COMPLAINT

Craig Cunningham (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned Counsel, hereby avers as follows:

## INTRODUCTION

1.　　This action has been initiated by Craig Cunningham (hereinafter "Plaintiff") for violations of 42 U.S.C § 1981 and Pennsylvania Common Law(s) for his retaliatory termination

1

for opposing unlawful racial discrimination and unlawful financial transactions. As a result of Plaintiff's termination from employment, he seeks damages as outlined *infra.*

## I. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under a federal law of the United States. Pursuant to 15 U.S.C. § 78u–6(h)(1)(B)(i), this Court is also specifically vested with jurisdiction under Dodd-Frank.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual residing at the above-captioned address.

7. Defendant AgroFresh Inc. ("Defendant AF") is a "public company" with a class of securities registered under Section 12 of the Securities Exchange Act of 1934, 15 U.S.C. § 78. Defendant AF trades publicly under symbol "AGFS" on the NASDAQ. Defendant AF focuses in providing science-based solutions, data-driven technologies, and other services aimed at extending

shelf life of fresh produce (among other offerings). Defendant AF operates in the same manner under another name, Defendant AgroFresh Solutions, Inc. ("Defendant Solutions"). The names of such entities are used interchangeably and are properly a single, joint and/or integrated employer of Plaintiff.

8. Defendant Jordi Ferre (hereinafter "Defendant Ferre") was at all relevant times during Plaintiff's period of employment with Defendant AF, the Chief Executive Officer ("CEO") of Defendant AF. He, upon information and belief, remains working for Defendant AF in such capacity.

9. Defendant Graham Miao ("Defendant Miao") was at all relevant times (since the fall of 2018) during Plaintiff's period of employment with Defendant AF, the Chief Financial Officer ("CFO") of Defendant AF. He, upon information and belief, remains working for Defendant AF in such a capacity.

10. Defendants Ferre and Miao were Plaintiff's former high-level management *and corporate officers* overseeing him, and they are ***personally liable*** for retaliation due to Plaintiff's opposition to unlawful financial activities, as they - in their executive capacity - also orchestrated, participated in and/or directed Plaintiff's retaliatory termination for which he seeks relief herein.[1]

---

[1] It is well established that corporate officers are liable for torts in Pennsylvania in which they participate. In *Rowles v. Automated Prod. Sys.*, 1999 U.S. Dist. LEXIS 21605 (M.D. Pa. 1999), the court explained **any** corporate officer is individually liable for their tortious actions, stating:

> In *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86, 90 (Pa. 1983), the Pennsylvania Supreme Court recognized the participation theory as a basis for ***corporate officer liability***:
>
> Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.
>
> *Id.* at * 43.

3

Retaliation under § 1981 separately permits similar individual liability against Defendants Ferre and Miao for retaliatory termination.[2]

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### III. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

#### (A) *The following is a general outline of Plaintiff's employment leading up to his termination from employment.*

13. Plaintiff is a 62-year-old man.

14. Plaintiff in total was employed with Defendant AF[3] for approximately 3 years, until on or about August 14, 2019. Plaintiff spent the first approximate one-third of his work for Defendant AF as a consultant (non-W2 employee). And Plaintiff worked in Philadelphia, Pennsylvania for Defendants.

15. Plaintiff performed so well for Defendant AF as a consultant, he was hired by Defendant AF on a full-time, direct-employee basis. In particular, Plaintiff was employed for Defendant AF as its Treasury Manager as of termination (discussed more *infra*).

---

[2] *See Al-Khazraji v. St. Francis College*, 784 F.2d 505 (3d Cir. 1986)(any officers, directors or agents of a corporation who participate in violations of § 1981 may be individually liable for such violations).

[3] The use of Defendant AF in the factual and legal section shall be construed to mean both corporate defendants, as they operated as a single enterprise.

4

16. Plaintiff was never the recipient of any progressive disciplinary concerns during his lengthy approximate 3-year period of work for Defendant AF. Plaintiff had also continually received positive feedback and positive performance-related evaluations.

17. Plaintiff *was abruptly terminated following complaints of unlawful racial discrimination and unlawful financial transactions taking place within Defendant AF.*

### (B) *Plaintiff was terminated for opposing unlawful, false and deceptive financial transactions within Defendant AF.*

18. Until in or about early June, 2019, Plaintiff was supervised by one Mahaveer Jain ("Jain"). Jain was employed by Defendant AF not only as Plaintiff's supervisor, but also as Defendant AF's Treasurer.

19. As the Treasury Manager, Plaintiff had access to Defendant AF's financial documents, financial transactions, tax information, and regulatory compliance information. As discussed in this section, Plaintiff had significant concerns with Defendant AF's improper financial reporting and surreptitious and/or mislabeling of financial dealings.

20. At all times relevant to Plaintiff's period of employment, he was very careful in his processing of transactions and documentation because in his capacity, he could face significant civil or criminal liability for impropriety. Separately, Plaintiff is a Certified Treasury Professional ("CTP"), holding was is known as a Certified Cash Manger ("CCM") certification. As a certified professional, Plaintiff must abide by other legal and ethical mandates.

21. Plaintiff will corroborate Defendants' financial illegalities and attempts to conceal same with substantial documentation and corroboration directly from his own former manager and the Treasure of Defendant AF, Jain.

### *(1) Concerns with improper expenses by CEO*

22.     Plaintiff vocalized objections to expenditures by Defendant Ferre. Defendant Ferre impregnated a female and had (or may still have) a relationship with said woman. This relationship was in Thailand. Defendant Ferre used company funding and *claimed* business travel to finance his ability to coordinate and maintain relations with this woman. In particular, Defendant Ferre: (1) performed little or no business upon such travel; (2) caused grossly inflated expenses associated with such travel in many ways, and for example by purchasing one-way tickets to coordinate his relations (and the trips themselves); and (3) failed to apply points for free travel and/or to use his own personal funds for such travel. His trips under the guise of business were extraordinarily costly to Defendant AF and examples of clear financial impropriety.[4]

23.     Plaintiff was required to process improper financial transactions as aforesaid; and as a result, Plaintiff objected to Defendant AF's executive management. Plaintiff initiated complaints commencing in early 2019, initially through the Treasurer Jain. Jain in turn escalated these financial improprieties as a concern to Defendant AF's General Counsel and also to Defendants Ferre and Miao.

24.     In escalating Plaintiff's objections to financial impropriety as to Defendant Ferre's false company expenses, Defendant Ferre expressed extreme antagonism, frustration and vitriol towards Plaintiff. It had been disclosed that Plaintiff was the primary objector and initiator of concerns with Defendant Ferre's financing of personal travel to Thailand through Defendant AF.

25.     In what is understood to be a surreptitious effort to insulate Defendant Ferre through audit documentation, Defendants in general had engaged PricewaterhouseCoopers ("PWC") to review Defendant Ferre's Thailand expenses. However, Defendants did so **in isolation** and did not

---

[4] Upon information and belief, Defendant Ferre also has a sibling in Thailand whom he coordinated to see as well in lieu of business dealings.

have PWC personnel even talk with or consult Plaintiff **or** the Treasurer (Jain) who conveyed Plaintiff's complaints. Upon information and belief, PWC was given *very limited information* and not even provided with access to high-level financial management who even expressed concerns of illegality.

### *(2) Concerns with Tax Violations*

26. In early 2019, Plaintiff raised concerns with Defendants' executive management that Defendants were violating regulations of the Internal Revenue Code ("IRC" or "tax code").

27. Tilo Gomez ("Gomez") was hired by Defendant AF's CEO, as upon information and belief there existed a ***substantial friendship*** precipitating such hire.

28. Gomez's residence is in Chicago, Illinois where his family likewise resides. And Gomez regularly traveled to and from Chicago.

29. Defendants were permitting Gomez to expense his travel back and forth **to home**, including but not limited to flights. Plaintiff, concerned with being associated with tax violations or evasion, explained such flights were supposed to be part of Gomez's taxable income (and earnings) paid by Defendants.

30. When Plaintiff expressed objections to processing Gomez's business expenses and required legal compliance, Plaintiff experienced further animosity and was viewed as continuing to scrutinize the CEO *by now somehow* attacking his "friend."

### *(3) Concerns with other legal compliance & overall objections*

31. The above examples are only intended to be just that, examples. Plaintiff did not object to issues he was just aware of – but rather – legal issues and compliance **that he himself was required to participate in, process, and/or which he found to be unlawful for him to finalize**.

32. Plaintiff objected to these and other concerns of clearly financial irregularities, financial impropriety, and point-blank illegality within Defendant AF.

33. Just by way of another example, Defendants removed and/or transferred various oversight, reconciliation, audit, and other financial functions to Accounting. By the spring of 2019, Defendants were violating regulations of the Sarbanes-Oxley Act, 15 U.S.C. §§ 7201, *et. seq.*, by removing checks and balances, controls, and other requirements for oversight (further enabling direct access to funds by specific management which was impermissible).

34. These and numerous other objections were made specifically to Defendant AF's executive management who were involved in Plaintiff's termination from employment.

### *(C) Plaintiff was terminated for opposing unlawful racial discrimination in the workplace in violation of 42 U.S.C. § 1981.*

35. On or about March 8, 2019, Plaintiff e-mailed Defendant Miao and escalated concerns to other executive management of racial discrimination. In particular:

> (1) Plaintiff has previously hired one Terri Porcher ("Porcher"), an African-American female, in early 2019.
>
> (2) Porcher was to work for 90 days, and *like all* employees working full-time, was to receive workplace benefits.
>
> (3) In his March 8, 2019 e-mail, Plaintiff expressed concerns of *"discrimination"* and referenced that she is a "60-year-old **black** female" as the only one in the office without benefits.
>
> (4) Plaintiff followed up in verbal discussions amongst executive management. He explained **the racial disparity** in the workplace, that the few black employees who previously were employed left, and that it seemed as if Defendants were singling out benefit disbursement based upon race.

36. Defendants were incensed with Plaintiff for his concerns of discrimination, and they expressed anger at Plaintiff raising concerns of company discrimination towards black employees.

### *(D) Plaintiff's termination was completely pretextual and solely because he engaged in the foregoing protected activities.*

37.     On or about June 10, 2019, Jain (the Treasurer) was terminated by Defendants. Jain, like Plaintiff, had raised concerns of financial improprieties. Jain had also corroborated Plaintiff's concerns of financial wrongdoing and supported Plaintiff's concerns of racial discrimination.

38.     Jain was terminated in retaliation for similar objections made by Plaintiff and those in which he conveyed on behalf of Plaintiff. And Jain's replacement (James Toth) was already planned, as his replacement commenced employment with Defendants within a week of Jain's termination.

39.     Plaintiff was terminated by Defendants on or about August 14, 2019. And Plaintiff's termination was planned, as Plaintiff's replacement who was half his age and far less qualified or experienced, commenced employment with Defendants within a week of Plaintiff's termination.

40.     In the months leading up to Plaintiff's termination from employment, he: (1) was experiencing tremendous animosity; (2) being informed that executive management was upset with his complaints and making them pay substantial monies to PWC; and (3) that he was being denied a normal pay increase associated with his performance evaluation of 2019.

41.     Plaintiff was then terminated in relatively close temporal proximity to ongoing concerns he was raising relative to racial discrimination and financial wrongdoing.

42.     It was implied to Plaintiff that his termination may have been for alleged performance reasons. Yet, Plaintiff received good evaluations, no progressive discipline, and was an exceptionally well-qualified (high-level) Treasury Manager.

43. In conjunction with termination notification, without solicitation, Defendants presented Plaintiff with a severance agreement proposing compensation in an effort to have him specifically release multiple types of legal claims, including but not limited to "wrongful discharge," "retaliation," and "discrimination." Unsolicited offers of severance to waive legal claims in conjunction with a termination where severance is not required is well-established evidence of retaliatory motive and/or pretext.[5]

44. There can be no question, and Plaintiff alleges herein, he was terminated solely for expressing internal complaints of illegalities and discrimination.

**Count I**
**Violations of 42 U.S.C § 1981**
*- Against All Defendants -*

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff was terminated because he opposed unlawful racial discrimination to Defendants.[6]

47. These actions as aforesaid constitute unlawful retaliation under 41 U.S.C. § 1981.

---

[5] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance when policies did not require same upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered ***contemporaneously with the notice of termination*** are *not* covered by [Rule 408]," and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

[6] *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008)(§1981 overlaps in its retaliation protections with Title VII and protects employees who advocate for those of another race from retaliation); *see also Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208, 1266 (N.D. Ga. 2014)(opposition to discrimination on behalf of another is legally protected under § 1981 and prohibits retaliation)

## Count II
## Violations of Pennsylvania Public Policy
### *- Against All Defendants -*

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff objected to participating in numerous unlawful actions prohibited by local, state and/or federal laws.

50. Where an employee objects to participation in "unlawful conduct," he is protected from wrongful termination under Pennsylvania Common Law(s).[7]

51. Plaintiff's termination for objections to illegalities therefore constitutes wrongful discharge in violation of well-established public policy prohibitions in this Commonwealth.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Plaintiff seeks first and foremost reinstatement in conjunction with any other legal or equitable remedies available;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants'

---

[7] *See e.g. Godwin v. Visiting Nurse Ass'n Home Health Servs.*, 831 F. Supp. 449, 450-54 (E.D. Pa. 1993)(court finding following bench trial that bookkeeper refusing to prepare false documentation of expenses or invoices warranted verdict in her favor for wrongful termination); *Urban v. Walgreen Co.*, 2014 U.S. Dist. LEXIS 174699 (E.D. Pa. 2014)(objections to committing fraud sufficient to proceed with common-law wrongful termination); *see also Woodson v. AMF Leisureland Ctrs., Inc.*, 842 F.2d 699, 702 (3d Cir. 1988)(plaintiff terminated for refusal to serve liquor to visibly intoxicated patron); *Srebro v. Dunbar Armored, Inc.*, 2013 WL 4016514, at *4 (M.D. Pa. 2013)(plaintiff allegedly terminated for refusing to violate Pennsylvania vehicle registration and driver licensing requirements); *Parexel Int'l Corp. v. Feliciano*, 2004 WL 2980386, at *1 n.1 (E.D. Pa. 2008)(counterclaim-plaintiff allegedly terminated for refusing to pirate a website in violation of six Pennsylvania statutes); *Sim Kar Lighting Fixture Co. v. Genlyte, Inc.*, 906 F. Supp. 967, 975-76 (D.N.J. 1995)(counterclaimant allegedly terminated for refusing to perjure himself, which would have violated Pennsylvania law); *Levito v. Hussman Food Serv. Co.*, 1990 U.S. Dist. LEXIS 145, 1990 WL 1426, at *2-3 (E.D. Pa. 1990)(plaintiff allegedly terminated for refusal to participate in illegal kick-back scheme); *Hansrote v. Amer Indus. Techs., Inc.*, 586 F. Supp. 113, 115 (W.D. Pa. 1984) aff'd, 770 F.2d 1070 (3d Cir. 1985)(concluding that Pennsylvania public policy obligates employer not to discharge an employee for refusing to participate in commercial bribery); *McNulty v. Borden, Inc.*, 474 F. Supp. 1111, 1114, 1119-20 (E.D. Pa. 1979)(plaintiff allegedly terminated for refusal to participate in illegal pricing scheme and antitrust violations).

illegal actions or retaliation, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, stock entitlements or options, benefits, training, promotions, and seniority;[8]

    C.    Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendants' actions and any other damages that are restitutionary in nature such as loss in earning capacity, harm to reputation, and other career-related harm(s);

    D.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law;

    E.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate, including but not limited to damages for emotional distress and pain and suffering (and as permitted by law);

    F.    Plaintiff is to be awarded the costs and expenses of this action, reasonable attorney's fees, and interest as provided by applicable federal and state law.

    G.    Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI P.C.**

By:   *Ari R. Karpf*
      Ari R. Karpf, Esq.
      3331 Street Road
      Two Greenwood Square
      Suite 128
      Bensalem, PA 19020
      (215) 639-0801

Dated: September 17, 2019

---

[8] Plaintiff seeks the full panoply of damages that may statutorily be available but recognizes that in some instances only one alternative may be available (i.e. if reinstatement is deemed not feasible, an award of front pay).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Craig Cunningham | CIVIL ACTION |
| v. | |
| Agrofresh, Inc., et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/17/2019 | *[signature]* | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 111 Saddle Drive, Furlong, PA 18925

Address of Defendant: One Washington Square, 510-530 Wanut Street, Suite 1350, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/17/2019 _____ *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/17/2019 _____ *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CUNNINGHAM, CRAIG

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
AGROFRESH, INC., ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS - PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS - Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1981
Brief description of cause:
Violations of the 42USC1981 and Pennsylvania Common Law(s).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/17/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]